**UNITED STATES of America**

v.

**George E. EVANS, Appellant.**

**No. 71–1460.**

United States Court of Appeals, District of Columbia Circuit.

Jan. 31, 1972.

Stephen S. Millstein, Washington, D. C. (appointed by this court) was on the brief for appellant.

Thomas A. Flannery, U. S. Atty. at the time the brief was filed, and John A. Terry, Herbert B. Hoffman, and Raymond Banoun, Asst. U. S. Attys., were on the brief for appellee.

Before McGOWAN, LEVENTHAL, and MacKINNON, Circuit Judges.

PER CURIAM:

Appellant was convicted in a trial without a jury of carrying a dangerous weapon without a license. He challenges here (1) the trial judge's failure to direct a verdict of not guilty by reason of insanity, and (2) the action of the trial judge, one week after imposing a one-year sentence, in vacating that sentence and resentencing appellant to a term of 3–10 years.

The only evidence of insanity produced was the testimony of a psychiatrist who stated that the defendant was a sexual deviate whose sexual impulses were associated with violence and the implements of violence. The trial judge stated that *none* of the testimony indicated that the act of carrying a pistol (much less the act of carrying one without a license) was the product of the alleged mental disease. An examination of the record lends support to the trial judge's view; it certainly indicates that a reasonable man might find no productivity beyond a reasonable doubt.

On the issue of resentencing, a remand for reinstatement of the first sentence is warranted. When the first sen-

tence was imposed, the trial judge was operating under the misapprehension that appellant was serving another sentence at St. Elizabeths and would not be released until 1975. After asking for and obtaining a waiver from the defendant of a presentence report, he imposed a one-year sentence "to run concurrently with the sentence he is now serving." When defense counsel asked if he could be sentenced to St. Elizabeths, the judge answered, "Yes, wherever he is serving the prior sentence." Although defense counsel made no effort to disabuse the judge (whether intentionally or because of his own confusion is not clear), it is clear that the judge's misapprehension was in no way attributable to the defense, but resulted rather from misinmation supplied by the prosecutor. After the judge discovered his error, he recalled the defendant and his counsel and said: "I was led to believe, at the time I passed sentence, that he was at St. Elizabeths. You put in the request that he serve his time there, so I thought he was there. . . . I entered the sentence under false pretenses." The judge then ordered a presentence report and subsequently sentenced the defendant to a 3–10 year term.

■ It is well settled that a sentence in all respects legal cannot be increased after the defendant has begun serving it. See, e. g., Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 91 L. Ed. 818 (1947); Ex parte Lange, 85 U.S. 163, 18 Wall. 163, 21 L.Ed. 872 (1873); Borum v. United States, 133 U.S.App.D.C. 147, 409 F.2d 433 (1967), cert. denied, 395 U.S. 916, 89 S.Ct. 1765, 23 L.Ed.2d 230, and cases cited therein at n. 33. A sentence plainly illegal, however, (e. g., less than the statutory minimum) may be corrected even after the defendant has begun serving it. See Bozza v. United States, supra. The question here is whether the first sentence was plainly illegal. It plainly was not.

Whether or not deliberate misrepresentations to the judge by the defendant would make an otherwise valid sentence plainly illegal is a question that need not be reached here. Here, whatever misapprehension the judge had must be laid to himself or the prosecutor. When a defendant is being sentenced, he is privileged to stand mute, and any suggestion that he has an affirmative obligation to correct any misunderstanding in his favor based on a presentence report prepared by the state or based upon misrepresentations by the prosecutor might raise serious Fifth Amendment problems. In any event, there is a clear interest here in the finality of an announced and presumptively valid sentence.

■ The Government claims that the first sentence was plainly illegal because it was imposed without the benefit of a presentence report and without giving appellant an opportunity to allocute. While appellate courts may scrutinize carefully waivers of these rights when challenged by defendants, waivers are not plainly illegal; and the Government can hardly be heard to complain of a waiver that works to appellant's benefit and to which he has never objected.

The conviction is affirmed, but the sentence is vacated and the case remanded with directions that the initial sentence be reinstated.

It is so ordered.