**UNITED STATES of America, Appellee,**

v.

**Victor C. BYNOE, Defendant, Appellant.**

**No. 77–1117.**

United States Court of Appeals,
First Circuit.

Heard May 31, 1977.
Decided Sept. 16, 1977.

Richard K. Latimer, with whom Henry F. Owens III, and Owens & Associates, Boston, Mass., were on brief, for defendant, appellant.

Paul F. Healy, Jr., Asst. U. S. Atty., Washington, D. C., with whom James N. Gabriel, U. S. Atty., Boston, Mass., was on brief, for appellee.

Before COFFIN, Chief Judge, LAY *, Circuit Judge, CAMPBELL, Circuit Judge.

COFFIN, Chief Judge.

Appellant pleaded guilty to a one count information charging that on July 6, 1974, while an employee of the United States government, appellant acted as an attorney before the Immigration and Naturalization Service in a proceeding in which the United States had a direct and substantial adverse interest. See 18 U.S.C. § 205(2). At a dispositional hearing on February 8, 1977, the district court indicated that it did not "consider this a matter that would require any disciplinary action [since there was] obviously not a pattern here." The U. S.

Attorney, later in the hearing, referred the court to information in the presentence report which indicated the offense charged was not an isolated incident, but appellant's counsel objected to any reliance on matters he considered not properly before the court.

On the basis of counsel's representation that even a small fine would constitute punishment that might lead to appellant's disbarment, the court suspended imposition of sentence and placed appellant on probation for one month. See 18 U.S.C. § 3651. The court's order was docketed on February 8, 1977, and appellant reported to the probation office on February 9.

On February 15 the court, on its own motion, called a hearing at which it announced that its original sentencing decision had been based on "an obvious misconception that was known to counsel." The court felt it had been "a little bit conned" into believing that the offense charged was an isolated incident, and had since learned that there were possibly as many as 82 occasions on which appellant had performed some legal services for persons involved with the INS. The court acknowledged that there was "some clue" to the true situation in the presentence report, but felt it was "fairly oblique". In addition, the court had learned from the Board of Bar Examiners that suspending imposition of sentence would not prevent an investigation of appellant's conduct, and that, while it would be considered as a reflection of the court's view of the offense, it would not have any great effect on the Board's action. The court believed that this was contrary to counsel's representation at the disposition hearing.

In the colloquy that followed, defense counsel denied any effort to mislead the court as to the impact of sentencing on Board proceedings. As to the other alleged violations, counsel stated that he and appellant had cooperated with the government from the outset of the investigation, but that he had maintained throughout that it was no violation of 18 U.S.C. § 205(2) for

* Of the Eighth Circuit, sitting by designation.

appellant to advise clients on immigration matters and receive fees for his services so long as he did not appear as an adversary at the hearings. Government counsel conceded that appellant had voluntarily given the government a list of persons he had advised on immigration matters, and that the statute did not bar appellant from the practice of law entirely. He was unable to tell the court in how many cases other than the one on which the charge was based appellant had entered a formal appearance.

The court seemed to agree that appellant's obligation under the statute was less than clear, but concluded as follows:

"I don't think that a suspension of the imposition of sentence is the right thing to do. If a sentence had been imposed, that would be it, but where no sentence was imposed the case isn't over; and I think under the disposition I made of it, it is still open to me to redo it according to what I think is an appropriate disposition."

In response to government counsel's observation that, on the basis of his research, a mere misapprehension on the part of the judge could not be "laid to the defendant" as a basis for enhancing sentence, *compare United States v. Bowens*, 514 F.2d 440 (9th Cir. 1975) *with Trueblood Longknife v. United States*, 381 F.2d 17 (9th Cir. 1967), the court said, "in this case I do lay it to the defendant to some extent, because counsel just let me sail along, and indeed, prevented you from straightening me out, so to that extent, it's laid to the defendant and his lawyer." The court thereupon vacated its order suspending imposition of sentence and imposed a fine of $2500, which it conceded to be a "more severe" disposition.

■ The district court based its decision to vacate the order suspending the imposition of sentence on the premise that such a suspension leaves the case open and the court free to correct that original order at any time prior to the entering of judgment. We disagree. By suspending the imposition of sentence the court does retain the flexibility that, upon revocation of probation, it may impose any penalty permit-

ted by statute, but that is the limit of its power. In all other circumstances the court may only alter its decision to suspend the imposition of sentence and order probation for the same grounds and under the same standards that would apply if a fixed sentence had been imposed and the execution of sentence suspended during the period of probation.

While the statute, 18 U.S.C. § 3651, distinguishes between placing defendant on probation and the imposition of sentence, probation is nonetheless a punishment imposed on the defendant, albeit a mild one. *Korematsu v. United States*, 319 U.S. 432, 63 S.Ct. 1124, 87 L.Ed. 1497 (1943). It is the punitive character of probation which led the Court in *Korematsu* to conclude that an order suspending sentence and imposing probation is final for purposes of appeal. As the Court observed, "[t]he difference to the probationer between imposition of sentence followed by probation . . . and suspension of the imposition of sentence . . . is one of trifling degree." *Id.* at 435, 63 S.Ct. at 1126.

■ The general rule is that an increase in sentence after the defendant has commenced serving his punishment is a violation of defendant's right not to be subject to double jeopardy. *See United States v. Turner*, 518 F.2d 14, 15 (7th Cir. 1975) and cases cited therein; *United States v. Bowens*, 514 F.2d 440, 441 (9th Cir. 1975); *In re Bradley*, 318 U.S. 50, 63 S.Ct. 470, 87 L.Ed. 608 (1943). Since probation is a form of punishment, the guaranty against double jeopardy will attach as soon as a defendant, placed on probation under a suspended sentence, begins to serve his period of probation. *United States v. Teresi*, 484 F.2d 894, 898–99 (7th Cir. 1973); *Oksanen v. United States*, 362 F.2d 74, 80 (8th Cir. 1966); *United States v. Rosenstreich*, 204 F.2d 321 (2d Cir. 1953). There appears to be no statutory basis or policy justification for treating the commencement of probation differently because the imposition of sentence rather than the execution of sentence was sus-

pended.* Indeed, it seems that the only difference contemplated by the statute is that if imposition of sentence is suspended, the court may, upon revocation of probation, impose any sentence it might originally have imposed, whereas if sentence is imposed and execution suspended, the sentence may not be increased when probation is revoked. *See Roberts v. United States,* 320 U.S. 264, 64 S.Ct. 113, 88 L.Ed. 41 (1943). While in the present case it may appear that the serving of a few days probation has such a minimal effect on a defendant that there is no injustice done by altering sentence, we can easily conceive of circumstances in which a court might attempt to increase the defendant's punishment after months or years of probation had been served. A formal rule against any increase in penalty after service of probation has commenced will prevent any such occurrences and insure the defendant the requisite degree of finality in the disposition of his case.

■ Of course there are recognized exceptions to these restrictions on a court's power to alter sentence once the defendant has commenced to serve his period of probation. A court may always correct an illegal sentence, *Bozza v. United States,* 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1946); Fed. R.Crim.P. 35; *United States v. Becker,* 536 F.2d 471 (1st Cir. 1976). A court may also exercise the discretion granted it by statute to revoke probation and impose sentence, 18 U.S.C. § 3651 and § 3653, although that discretion may not be exercised in an arbitrary manner. *In re Whitney,* 421 F.2d 337, 338 n. 3 (1st Cir. 1970).

■ In the present case the district court never mentioned revocation of probation at the February 15 hearing and appeared to take the position that the decision to correct its mistake was within its inherent power if accomplished before sentence was imposed and judgment entered. The government argued on appeal, however, that the court's

action can be sustained on the theory that appellant "fraudulently misrepresented certain relevant facts" at the disposition hearing. *See, e. g., Trueblood Longknife v. United States,* 381 F.2d 17 (9th Cir. 1967); *United States v. Ross,* 503 F.2d 940, 943 (5th Cir. 1974). Neither the record in this case nor the government's brief suggests that defendant committed any violations of the conditions of probation.

We need not decide whether we agree with those courts which have held fraudulent misrepresentation to be a sufficient basis for revoking probation even in the absence of any post-probation violation. *But see* ABA Standards for Criminal Justice, Standards Relating to Probation § 5.1 (Approved draft 1970) ("Violation of a condition is both a necessary and a sufficient ground for the revocation of probation"). Nor must we decide whether fraudulent misrepresentation would render a court's order illegal and subject to correction. The record in this case reveals nothing more than an honest disagreement about what factors the district court should consider in reaching its sentencing decision and some energetic advocacy on the part of counsel. While the court may have felt put upon, the record reveals a misunderstanding or miscommunication based on differing premises rather than the overreaching of counsel. To eliminate the possibility of such misunderstandings would require that an affirmative burden be imposed on defense counsel to argue both sides of questions relating to the severity of sentence.

In a somewhat similar context in *United States v. Evans,* 148 U.S.App.D.C. 110, 459 F.2d 1134 (1972), the court refused to characterize defense counsel's conduct as deliberate misrepresentation and ordered the trial court to reinstate the original sentence it had imposed while under an erroneous conception of the facts. Although counsel in the present case contributed further to the court's misconceptions than did counsel in

---

* *Pollard v. United States,* 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957) is not to the contrary. The Court in *Pollard* permitted imposition of sentence after two years of probation, but in

that case the probation was admittedly invalid and there were valid grounds to revoke probation even if it had been legitimately imposed.

*Evans,* we find his conduct to be within the realm of permissible advocacy and closer to the facts of *Evans* than to the cases cited by the government.

Moreover, appellant's counsel did say things at the disposition hearing that, at least with the benefit of hindsight, called attention to the broader scope of appellant's activities. We do not think the district court's interest in correcting its misconception of the facts, particularly when the facts were revealed, albeit obliquely, in the presentence report, outweighs the criminal defendant's interest in having a final and reasonably certain disposition of his case.

*Judgment vacated and the case remanded for resentencing in accordance with this opinion.*