Gary HODGINS, Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 83–143.

Supreme Court of Wyoming.

Sept. 11, 1985.

Donald L. Painter, Casper, for appellant (defendant).

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., and Margaret M. White, Asst. Atty. Gen., for appellee (plaintiff).

Before THOMAS *, C.J., ROSE, ROONEY ** and BROWN, JJ., and RAPER, J., Retired.

ROSE, Justice.

By information filed on January 28, 1983, appellant Gary Hodgins was charged with the crime of aggravated homicide by vehicle under § 31–5–1117(a), W.S.1977, 1982 Cum.Supp., to which charge he pled not guilty on February 22, 1983. The jury found appellant guilty, and he was sentenced to serve a term of not less than two years nor more than five years in the Wyoming State Penitentiary.

* Became Chief Justice January 1, 1985.

** Chief Justice at time of oral argument.

One of the issues in this case is whether § 31–5–1117(a), W.S.1977, 1982 Cum.Supp., is a denial of equal protection of the laws, in violation of the state and federal constitutions, for the reason that the punishment provided may be disproportionate to the culpability of the accused. The appeal also presents a second question which asks whether the statute is void for vagueness under applicable constitutional principles.

We will affirm the trial court.

Appellant Hodgins was involved in an automobile accident in which Lisa Ann Deen's car was struck by Hodgins' truck. Ms. Deen was killed in this accident, in response to which appellant was charged with aggravated vehicular homicide under § 31–5–1117(a).

Hodgins had been drinking heavily on January 8, 1983, and after becoming intoxicated he undertook to drive his truck from Muddy Gap to Casper, Wyoming. Before reaching his destination, Hodgins and Ms. Deen became involved in the fatal accident in question here, at the intersection of Highway 220 and an exit from what is known as the Mountain Plaza parking lot in the vicinity of Casper.

Immediately preceding the accident, appellant was driving erratically, swerving on and off the road, and traveling faster than the other cars on the highway. On the other hand, Ms. Deen was exercising caution and driving conservatively as she attempted to leave the Plaza parking area. As he approached the Plaza exit in his truck, appellant stayed his course, maintained his speed, and struck the driver's side of the Deen vehicle. Ms. Deen's automobile came to rest in the westbound lane of Casper's CY Avenue, facing the opposite direction from that which it had originally been traveling. A number of witnesses testified that the truck attempted no maneuvers to avoid the accident.

Persons at the scene of the accident observed that the appellant had a strong odor of alcohol about him, that he was slow to react, and that he was very drunk. In an apparent attempt to cover up his condition, Mr. Hodgins grabbed the beer bottles and the six-pack carton and kicked them away from his vehicle.

Hodgins was arrested just after the accident and was taken to the hospital for treatment of his injuries, and results of his blood sample revealed that his blood-alcohol level approximately one-half hour after the collision was 0.24%. The level at which a person is presumed to be intoxicated to a degree which renders him incapable of safely driving a motor vehicle is 0.10%. See § 31–5–233(b)(iii), W.S.1977.

## I. VAGUENESS

Section 31–5–1117(a) provided in relevant part:

"(a) Whoever, while driving any vehicle under the influence of either intoxicating liquor or a controlled substance, or a combination of both, to a degree which renders him incapable of safely driving a vehicle, causes the death of another person shall be guilty of aggravated homicide by vehicle * * *."

The appellant argues that the statute is void for vagueness, because it "leaves its readers totally in the dark as to what kind of conduct is or is not prohibited by that statute." We answered that question in *Armijo v. State*, Wyo., 678 P.2d 864, 868 (1984), when we upheld the statute in question here against the same challenge. We noted there that Armijo's guilty knowledge evidenced by his flight from the scene left him in an awkward position in claiming the statute gave no notice to a reasonable person. Here, Hodgins' knowledge as revealed by his attempt to remove the empty beer bottles from his vehicle places him in a similar awkward position.

As did Armijo, Hodgins argues that the statute contains no intent requirement, but we have answered that contention in Armijo. We said there that § 31–5–1117(a) imports only a general criminal intent. The "intent which must be established beyond a reasonable doubt is that the acts which establish the offense were committed voluntarily." *Armijo v. State*, 678 P.2d at 870.

Appellant argues that the causal requirement in the statute is unclear. We declined to address the contention in *Armijo v. State*, 678 P.2d at 868, because there Armijo admitted that his conduct of driving his motor vehicle while under the influence caused the death of his victim. Here, Hodgins made no admissions. The issue is properly before us, and we will hold that the element of causation is encompassed in the statute.

■ This is to say that there cannot be a violation of the statute unless the proximate cause of death was drinking and driving while under the influence to a degree which renders the defendant incapable of safely operating the vehicle. The death of the victim of a drunk driver will not, therefore, furnish adequate grounds to support a conviction unless it can also be established beyond a reasonable doubt that the death was in fact proximately caused by the proscribed conduct.

Our conclusion that the statute requires the death to be caused by driving while under the influence is supported by an examination of the legislative intent behind the aggravated vehicular homicide statute. The purpose of the statute is to reduce the carnage on the highways by the drunk driver. *Small v. State*, Wyo., 689 P.2d 420, 426, cert. denied — U.S. ——, 105 S.Ct. 1215, 84 L.Ed.2d 356 (1984). The statute attempts to accomplish this by punishing those persons who cause death by driving when they are so intoxicated that they cannot safely operate their vehicles.

The jury which tried Hodgins was instructed:

"You are instructed that the necessary elements of the crime of aggravated homicide by vehicle are:

"1. That the crime occurred on or about January 8, 1983, in Natrona County, Wyoming;

"2. That the Defendant drove a vehicle;

"3. While under the influence of intoxicating liquor to a degree which rendered

him incapable of safely driving a motor vehicle; and

"4. Caused the death of Lisa Ann Deen.

"If you find from your consideration of all the evidence that any of these elements have not been proven beyond a reasonable doubt, then you should find the Defendant not guilty.

"If, on the other hand, you find from your consideration of all the evidence that each of these elements has been proven beyond a reasonable doubt, then you should find the Defendant guilty."

■ The statute contains the requirement that the death of the victim be caused by the proscribed conduct of driving while under the influence. The above instructions contain the causation requirement found in § 31–5–1117(a)[1] and there is no reason to suppose that the guilty verdict did not contemplate the requisite causation.

## II. EQUAL PROTECTION

Appellant also challenges the constitutionality of § 31–5–1117(a) on equal-protection grounds by urging that the statute

"* * * is unconstitutional by creating culpability disapportionate [sic] to punishment and therefore denying equal protection of the law."

In support of this argument, Mr. Hodgins relies on *People v. Calvaresi*, 188 Colo. 277, 534 P.2d 316 (1975). In that case, the defendant was convicted of the felony of manslaughter. The statute under which he was tried and convicted spoke in terms of "recklessly caus[ing] the death of another person." At the same time, a misdemeanor statute allowed a person to be convicted of criminally negligent homicide for causing the death of another "[b]y conduct amounting to criminal negligence." The Colorado Supreme Court found that the difference between "recklessly" and "criminal negligence" was purely semantic.

The court stated:

1. We find that the above instructions sufficiently stated to the jury that they had to find that the defendant's driving under the influence caused the death of Lisa Ann Deen. We do not believe, however, that the instructions state as precisely as possible the requisite causation.

"* * * A statute which prescribes different degrees of punishment for the same acts committed under like circumstances by persons in like situations is violative of a person's right to equal protection of the laws." 534 P.2d at 318.

*People v. Calvaresi* does not support appellant's constitutional attack, because in that case both statutes proscribed the act of causing the death of another. In the case at bar, the appellant cites no statute which proscribes the same conduct and ultimate result as § 31–5–1117(a) while carrying a lesser penalty.

In similar fashion, our holding in *Thomas v. State*, Wyo., 562 P.2d 1287 (1977), fails to support appellant's claim of a denial of equal protection. In Thomas we were confronted with two statutes which proscribed substantially the same behavior and result and yet provided for substantially different penalties. Therefore, we held them to be repugnant and conflicting. Here we are not confronted by two statutes dealing with the same offense.

The crux of appellant's argument is capsulized by his claim that

"[t]his is a situation where a person may no more intend nor accomplish the violation [of] § 31–5–233, W.S.1977 and yet receive a sentence of up to twenty (20) years in prison, just because someone pulled out in front of him through a stop sign * * *."

■ Appellant argues that his culpability (blameworthiness) is the same under both the driving-under-the-influence and aggravated-vehicular-homicide statutes. Therefore, he claims that he is denied equal protection of the law because he is subjected to a substantially greater penalty than one convicted of driving under the influence, merely because he was unfortunate enough to have caused the death of another. We cannot agree.

Appellant's claim presents the issue of whether the legislature is justified in providing for different penalties when the same act, done with the same mental state, causes two different results. Other courts have acknowledged the legislature's authority to classify crimes based upon results or consequences. In *State ex rel. Schulter v. Roraff*, 39 Wis.2d 342, 159 N.W.2d 25 (1968), cert. denied 393 U.S. 1066, 89 S.Ct. 716, 21 L.Ed.2d 709 (1969), defendant challenged the constitutionality of a statute because it increased the penalty for contributing to the delinquency of a child from that of a misdemeanor to the punishment of a felony if death was a consequence of the delinquency. The court rejected the defendant's argument and stated that

"* * * the consequences of the act and their seriousness may be a proper consideration in fixing the severity of the punishment. * * * Acts which result in death frequently carry increased penalties over the same act which does not result in death, i.e. * * *, felony murder." 159 N.W.2d at 32.

Recently the Wisconsin Supreme Court relied on *State ex rel. Schulter v. Roraff* in upholding the constitutionality of their state's "Homicide by intoxicated use of a vehicle" statute. *State v. Caibaiosai*, 122 Wis.2d 587, 363 N.W.2d 574 (1985). There the court held that the operation of a vehicle while under the influence may be punished as a felony if such operation results in death. 363 N.W.2d at 578.

■ We hold that the conduct of operating under the influence plus the consequences of death may properly result in a felony charge. The punishment for crime is within the province of the legislature. *Stambaugh v. State*, Wyo., 613 P.2d 1237 (1980). "In assessing the gravity of a criminal offense, the primary consideration is the harm it causes to society." *People v. Broadie*, 37 N.Y.2d 100, 371 N.Y.S.2d 471, 332 N.E.2d 338, 342, cert. denied 423 U.S. 950, 96 S.Ct. 372, 46 L.Ed.2d 287 (1975). When the same act causes two different results—e.g., the death of another versus a mere scratch—the harm caused to society is not the same. Our legislature recognized the seriousness of the harm caused when death results from a violation of the driving-under-the-influence statute and pro-

vided for a correspondingly stiff penalty. We do not see any constitutional infirmity in such action.

For the above reasons, we find the statute to be constitutional.

Affirmed.