David KING, Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 85–246.

Supreme Court of Wyoming.

June 3, 1986.

---

Richard H. Honaker, Honaker Law Firm, Rock Springs, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Senior Asst. Atty. Gen., and Sylvia

Lee Hackl, Senior Asst. Atty. Gen., for appellee; argument by Ms. Hackl.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

CARDINE, Justice.

This appeal is from an order extending David King's probation. The issue it presents is whether the trial court could properly extend King's probation beyond its original term of five years under § 7–13–203, W.S.1977. We hold the probation could not be extended and reverse.

On May 7, 1980, David King, appellant, pled guilty to the charge of accessory before the fact to his wife's crime of embezzling $59,000 from her employer. The guilty plea was the result of a plea bargain in which the prosecuting attorney advised the court that "the State has agreed to recommend Parole Before Sentence in exchange for a guilty plea."

A judgment and sentence, entered May 9, 1980, stated that King was

"sentenced to not less than three (3) nor more than five (5) years in the Wyoming State Penitentiary * * * that the portion of the sentence relating to imprisonment * * * is suspended and that the said David King be paroled and permitted to go at large upon his own recognizance for a period of five (5) years pursuant to the provisions of Section 7–13–203, W.S. 1977 * * *."

The judgment and sentence also ordered appellant to pay a fine of $1,000 and to make restitution jointly and severally with his wife with a 7% annual interest rate on the unpaid balance. It was provided that appellant could make monthly payments according to a schedule determined by his probation agent.

In 1983, as a result of a restitution plan established by the probation agent, appellant began making restitution payments of $200 a month and continued those payments until May 7, 1985, which was five years from the date of the judgment and sentence. Appellant timely made every payment, but $200 per month was insuffi-

cient to cover even the interest accruing on the $59,000. Because appellant had not paid the debt in full on May 7, 1985, his probation agent, on April 10, 1985, petitioned the court for an extension of his probation. That same day, without a hearing or notice, the court entered an "Order Extending Probation." This order stated simply that appellant had been ordered to make restitution and had not yet done so; therefore, his probation was extended.

Appellant moved to vacate the order extending probation and petitioned for discharge. The court denied the motion. This appeal is from the denial of that motion. Appellant presents the following issues for our consideration:

"1. Does a Wyoming district court have jurisdiction to extend a W.S. § 7–13–203 parole beyond five (5) years?

"2. Does W.S. § 7–13–203 require that a criminal defendant either be discharged or sentenced within five (5) years?

"3. Does a Wyoming district court have jurisdiction to extend probation because of a criminal defendant's failure to fully comply with an illegal restitution order?

"4. Was the district court's restitution order an illegal portion of a divisible sentence, thus allowing this Court to strike the requirement of restitution from Mr. King's Judgment and Sentence?

"5. By striking the illegal portion of a divisible sentence, would this Court then remove any grounds for the district court's orders extending probation and denying Appellant's petition for discharge?

"6. Does extension of probation without notice or hearing, and based upon noncompliance with an illegal restitution order, violate Mr. King's federal and state constitutional rights to due process of law?"

We need only consider appellant's first two issues in resolving this case.

Appellant contends that because he was sentenced under § 7–13–203, W.S.1977, the district court had no jurisdiction to extend his "parole" beyond five years. Section

7-13-203 refers to release after the suspension of the imposition of sentence as "parole." As we explained in *Sorenson v. State,* Wyo., 604 P.2d 1031 (1979), since there is no incarceration when the imposition of the sentence is suspended, the status of the defendant is probation. This opinion will refer to King as being on probation under § 7-13-203.

The State contends that appellant could not have been sentenced under § 7-13-203 because that statute had been superseded by § 7-13-301, W.S.1977, and that, therefore, appellant was sentenced under § 7-13-301 which allows the court to extend appellant's probation up to the maximum sentence provided for the crime to which appellant pled guilty—fourteen years in this case. The State also claims that, even if appellant was sentenced under § 7-13-203, the court had authority to extend appellant's probation.

We must determine whether appellant could have been sentenced under § 7-13-203; whether in fact he was sentenced under § 7-13-203; and, if sentenced under that statute, whether the trial court could lawfully extend appellant's probation beyond five years.

I

In support of its claim that appellant could not have been sentenced under § 7-13-203, the State relies exclusively on the case of *Sorenson v. State,* Wyo., 604 P.2d 1031 (1979). The question before this court in Sorenson was whether, under § 7-13-301, W.S.1977, a court could grant parole after incarceration. We held that the power given the Board of Parole in § 7-13-402, W.S.1977, was inconsistent with the exercise by the court of parole power over an individual confined in the institution. In a footnote, this court stated that § 7-13-203 "was probably superseded by § 7-13-301." 604 P.2d at 1038, n. 6.

Section 7-13-203 was originally enacted in 1909. Wyoming Session Laws 1909, ch. 87 § 1. Section 7-13-301 was enacted thirty years later. Wyoming Session Laws 1939, ch. 91 § 1. At that time all acts and parts of acts in conflict with the provisions of the new act were repealed, Wyoming Session Laws 1939, ch. 91 § 7. Nevertheless, § 7-13-203 has been treated as in effect since the enactment of § 7-13-301 and has been amended by the legislature as recently as 1977. Wyoming Session Laws 1977, ch. 70 § 2.

Both statutes concern probation. Section 7-13-203 provides:

"If any person is found guilty of or pleads guilty to any felony except murder, sexual assault in the first or second degree or arson of a dwelling house or other human habitation in the actual occupancy of a human being, the court shall ascertain whether the offense of which the accused is guilty is his first offense, the extent of moral turpitude involved in the act committed, and other facts and circumstances relating to the accused as he may desire to know. If the court is satisfied that he was a person of good reputation before the commission of the offense charged and had never before been convicted of any felony, and that if permitted to go at large would not again violate the law, the court may in its discretion, by an order entered of record, delay passing sentence and then parole the person and permit him to go at large upon his own recognizance, conditioned that he will personally appear and report to the court twice in each year at times and places fixed in the order and that he will demean himself while at large in a law-abiding manner and live a worthy, respectable life, and that he will not leave the state without the consent of the court. The court, if satisfied at the time of appearance, that the person has demeaned himself in a law-abiding manner and lived a worthy, respectable life, may by an order of record, continue parole for the period of five (5) years, at the expiration of which the court shall enter an order finally discharging the person, and no further proceedings shall be had upon such verdict or plea. At any time after the expiration of one (1) year from the date of

the original parole the court shall have the power in its discretion to terminate parole and finally discharge the person and annul the verdict or plea of guilty. At any time before the final discharge of the person that the court believes that the paroled person has attempted to leave the state or failed to comply with the terms of his parole the court shall cause a warrant to issue for the apprehension and arrest of the person and require him to be brought before the court. The court shall inquire into his conduct since his parole, and if satisfied from the inquiry that the person has violated the terms of his parole and recognizance, the court may impose sentence upon the verdict or plea against him in the manner and to the same extent as though the passing of sentence had not been delayed and the person had not been paroled or permitted to go at large."

Section 7–13–301, states:

"After conviction or plea of guilty for any offense, except crimes punishable by death or life imprisonment, the court may suspend the imposition of sentence, or may suspend the execution of all or a part of a sentence and may also place the defendant on probation or may impose a fine applicable to the offense and also place the defendant on probation. With the consent of a defendant charged with a crime, except a crime punishable by death or life imprisonment, the court may suspend trial and place such defendant on probation."

In *Peterson v. State*, Wyo., 586 P.2d 144 (1978), this court determined that the phrase "crimes punishable by death or life imprisonment" appearing in § 7–13–301 did not include offenses carrying a minimum sentence of less than life. In reaching this conclusion we considered the differences between § 7–13–203 and § 7–13–301. Under § 7–13–203, "a defendant is allowed a considerable degree of liberty, his actions and freedoms being subject to what are overall rather minimal limitations with the possibility of no sentence at all. * * * [O]n the other hand, § 7–13–301 is by clear implication much more restrictive since it

does not itself specify the conditions of any probationary freedom." *Peterson v. State*, supra, 586 P.2d at 156.

Because § 7–13–203 places few restrictions upon defendants, it is not available to those who have pled or been found guilty of serious crimes such as murder, sexual assault in the first or second degree, or arson when the structure was actually occupied. The only criminal defendants excluded from the benefits of § 7–13–301, on the other hand, are those guilty of "crimes punishable by death or life imprisonment." Those guilty of murder in the second degree under § 6–2–104, W.S.1977 (June 1983 replacement), or sexual assault under §§ 6–2–302 or 6–2–303 may be granted probation under § 7–13–301 but cannot be granted probation under § 7–13–203. In *Peterson v. State*, supra, we stated that the legislature intended this scheme because it had reasonably concluded

"that those criminal defendants excluded from the benefits of § 7–13–203 could be in some cases beneficially rehabilitated under the provisions of § 7–13–301 with one exception—those guilty of 'crimes punishable by death or life imprisonment.'" 586 P.2d at 156.

Section 7–13–203 contains other limitations not found in § 7–13–301. Only those who have never before been convicted of a felony qualify for the benevolent treatment of § 7–13–203; and, if the imposition of sentencing is suspended under § 7–13–203, the court may "annul the verdict or plea of guilty" whenever the probation is terminated. When one is placed on probation under § 7–13–301, § 7–13–304 provides that, upon satisfactory fulfillment of the condition of probation, the court shall discharge the defendant. No mention is made of annulling the verdict or plea of guilty.

▆ All of the above leads us to conclude that § 7–13–203 is intended as an alternative sentencing provision for a limited number of cases. For those first-time felons who have not committed the serious offenses excepted in § 7–13–203, the court may delay passing sentence, may grant probation, and may annul the verdict or guilty plea as early as one year from the

date of the order originally delaying the passing of sentence. We recognize that § 7–13–203 was intended by the legislature as a permissible alternative to § 7–13–301 in limited circumstances and conclude that it does not conflict with, and was not repealed by, the later act.

## II

The next question is whether the trial court's order was entered pursuant to § 7–13–203 or § 7–13–301. This issue arises because the order, which was entitled a Judgment and Sentence, stated that appellant was sentenced to not less than three nor more than five years in the penitentiary. Yet § 7–13–203 does not provide for imposing a sentence. At the same time, however, the order permitted appellant to go at large "pursuant to the provisions of Section 7–13–203." Although the order provided for a sentence contrary to the provisions of § 7–13–203, we conclude that the trial court entered its order pursuant to that statute.

■ The order, by its clear language, indicates that it was entered pursuant to § 7–13–203. Parts of the order concerning conditions of appellant's probation, i.e., that he demean himself in a law-abiding manner and live a worthy and respectable life, are taken verbatim from § 7–13–203. The provision in the order allowing appellant to "go at large upon his own recognizance" for a period of five years is also taken directly from the statute.

■ Our conclusion that the order was entered pursuant to § 7–13–203 is supported by the fact that there was a plea agreement in this case. At the arraignment the prosecutor stated that the State had "agreed to recommend parole before sentence in exchange for a guilty plea." The title to § 7–13–203 begins as "Parole before sentence." Although the trial court was not bound to accept this plea agreement, it was required to, "on the record, inform the parties" if it intended to reject the agreement. Rule 15(e)(4), W.R.Cr.P. Since the record contains no indication that the court rejected the agreement, we conclude the court intended to follow the agreement.

The provision for a term of years, found within the order, makes the order ambiguous, since § 7–13–203 does not provide for a sentence to be imposed if the defendant is given "parole before sentence."

"The benefit of the doubt as to a sentence which is not certain, definite and free from ambiguity should be given to the accused, and serious uncertainty in the sentence must be resolved in favor of liberty." 24 C.J.S. Criminal Law § 1585 at 580 (1961).

Because the order states that it was pursuant to § 7–13–203, because it tracks the language of § 7–13–203, and because to hold that it was entered under § 7–13–301 would result in appellant's liberty being more severely restricted, we find that the order was entered pursuant to § 7–13–203 and that the provision imposing a sentence was surplusage.

## III

"Courts can only impose those sentences authorized by the legislature. * * * A trial court's broad discretion * * * is limited to the sentence mandated." *Williams v. State*, Wyo., 692 P.2d 233, 235–236 (1984).

Appellant maintains that under § 7–13–203 the court had no authority to extend his probation beyond the original five-year period. The State contends, on the other hand, that under this court's holding in *Hicklin v. State*, Wyo., 535 P.2d 743 (1975), probation is not so limited.

In *Hicklin v. State*, supra, this court recognized that the authority over sentencing comes from the legislature. We also recognized that probation is constructive confinement and that the restraints of probation cannot exceed a period in excess of the maximum term of imprisonment authorized by the violated statute. Relying on Hicklin, the State argues that the court in the present case had the authority to extend appellant's probation up to fourteen years, the maximum penalty for embezzlement under § 6–7–310, W.S.1977.

This reliance is misplaced. The probation in Hicklin was imposed pursuant to

§ 7–318, W.S.1957, Cum.Supp.1973 (now § 7–13–301, W.S.1977). In that circumstance, § 7–321, W.S.1957 (now § 7–13–304, W.S.1977), stated:

> "The period of probation or suspension of trial or sentence and the conditions thereof shall be determined by the court and may be continued or extended."

This court was not concerned in Hicklin with probation imposed pursuant to § 7–13–203 (then § 7–315, W.S.1957). We specifically stated that the defendant there

> "was not placed on probation under that statutory section, so therefore any consideration of a statutory limit on the term of probation must be set aside." 535 P.2d at 751–752.

Now we must consider the statutory limit on the term of probation imposed under § 7–13–203. Turning to the language of the statute, we find that it gives the court discretion to "delay passing sentence and then parole the person," and that:

> "The court, if satisfied at the time of appearance, that the person has demeaned himself in a law-abiding manner and lived a worthy, respectable life, may by an order of record, continue parole for the period of five (5) years, *at the expiration of which the court shall enter an order finally discharging the person, and no further proceedings shall be had upon such verdict or plea.*" (Emphasis added.)

Thus the court's discretion to continue probation is limited by § 7–13–203 to *the period of five years.* This period begins from the date of the "original parole" when the order is first entered which delays the passing of the sentence. Although § 7–13–203 thus limits the discretion of the court,

> "the legislature is free to retain or delegate sentencing discretion when defining and setting punishment. It may properly delegate sentencing discretion in part and retain sentencing discretion in part." *Evans v. State,* Wyo., 655 P.2d 1214, 1224 (1982).

The State points to language in § 7–13–203 which allows the court, at any time before the final discharge, to impose a

sentence upon the person to the same extent as if he had not been "paroled" if, after the defendant is brought before the court, it is satisfied that he has violated the conditions of his parole. Regardless of whether the court could have sentenced appellant at any time before the expiration of the five-year period, this was not done. The court never brought appellant before it to inquire into his conduct. The court did not intend to sentence appellant for violating conditions of his probation; instead it merely extended probation beyond the original five-year period. This was contrary to the express direction in § 7–13–203 that at the end of the period the court "shall enter an order finally discharging the person." The court exceeded its authority when it entered the order.

The order extending appellant's probation is vacated. The trial court is directed to enter an order discharging appellant, in compliance with § 7–13–203, W.S.1977.