Willard Joseph SHEPARD,
Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 86–42.

Supreme Court of Wyoming.

June 19, 1986.

Leonard D. Munker, State Public Defender, and Julie D. Naylor, Appellate Counsel, Public Defender Program, Cheyenne, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen and Sylvia Lee Hackl, Sr. Asst. Attys. Gen., for appellee.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

MACY, Justice.

Appellant Willard Shepard pled guilty to attempted voluntary manslaughter in violation of §§ 6–2–105(a)(i) and 6–1–301(a)(i), W.S.1977 (June 1983 Replacement). For this crime he was sentenced to not less than ten nor more than twenty years in the Wyoming State Penitentiary. He has appealed, raising the sole issue of:

> "Whether the district court committed reversible error and abused its discretion in sentencing Willard Shepard, Jr., to a term of ten to twenty years in the Wyoming State Penitentiary for a violation of §§ 6–1–301(a)(i) and 6–2–105(a)(i), W. S. 1977."

We affirm.

Appellant and Donna Dorenkamp met in 1981 and began living together in early 1984. Ms. Dorenkamp moved out of the shared residence in March 1985, because of problems caused by appellant's abuse of alcohol. Later in the month she returned to retrieve her belongings. While doing so, appellant told Ms. Dorenkamp to remove her record albums from their collection. When she bent over, appellant shot her in the buttocks, slightly below the waistline. He then stated that he would kill her and attempted to reload the gun. The two struggled for control of the gun. Appellant won the struggle and hit Ms. Doren-

kamp on the head with the butt of the gun. Appellant then threatened that the two would die that day. Appellant also told Ms. Dorenkamp to be still and that she was not "hurt that bad." Although Ms. Dorenkamp's attempt to escape proved fruitless, fortunately her pleas for help did not, as appellant apparently reconsidered his earlier plans and decided to call for an ambulance.

Ms. Dorenkamp survived, but the bullet punctured her duodenum, stomach, and right lung and severed her ureter. As a result of these injuries, she was hospitalized for nineteen days and incurred approximately $70,000 in medical bills. Since the ordeal, she has also received psychiatric counseling.

Appellant was charged with attempted second-degree murder in violation of §§ 6–2–104 and 6–1–301(a)(i), W.S.1977 (June 1983 Replacement). After he had been examined and found fit to stand trial, appellant was arraigned. The information was later amended to charge a violation of attempted manslaughter, and appellant then pled guilty. The sentence imposed as a result of this plea is now attacked as an abuse of the trial court's discretion.

The State maintains that abuse of discretion is equivalent to an error of law and that there can be no error of law with respect to the sentence which falls within the statutory limits. *Seeley v. State*, Wyo., 715 P.2d 232 (1986); *Holmes v. State*, Wyo., 715 P.2d 196 (1986). Since § 6–2–105(b), W.S.1977 (June 1983 Replacement), provides for a penalty of "imprisonment in the penitentiary for not more than twenty (20) years," the State concludes that there can be no abuse of discretion in this case.

■ We do not agree with the State's argument. Most recently in *Martin v. State*, Wyo., 720 P.2d 894 (1986), this Court clarified the standard of review governing sentencing decisions. There this Court reaffirmed the proposition that:

"'* * * We do not follow the common-law rule that a sentence is not subject to appellate review if it is within the limits set by the legislature.'" *Martin v. State*, 720 P.2d at 896, quoting from *Wright v. State*, Wyo., 670 P.2d 1090, 1091 (1983).

We will review sentences for an abuse of discretion, which envisions something different than a sentence not authorized by statute.

"In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did." *Martinez v. State*, Wyo., 611 P.2d 831, 838 (1980). We have not made an exhaustive list of circumstances constituting abuse of discretion, for each case must be determined on its peculiar facts. *Martin v. State*, supra.

■ In this case, appellant states that sentences must be proportionate to the crime in order to be proper under the Eighth Amendment to the United States Constitution. *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). He also refers to statements he made at the sentencing hearing concerning his long history of alcohol abuse and remorse over the incident. He further refers to his trial attorney's remarks to the court prior to sentencing that, as a result of his grief over his crime, appellant blinded his right eye with a toothbrush in an attempt to commit suicide.[1] Appellant's attorney also stated that appellant had been a model trustee at the county jail for nine months. According to appellant, these statements, along with his prior suffering from the self-inflicted loss of his eye, show that the sentence imposed was unreasonable.

The punishment for a crime is within the province of the legislature. *Hodgins v. State*, Wyo., 706 P.2d 655 (1985). Here, the legislature has provided for a sentence of up to twenty years for those convicted

---

1. Appellant claims he became remorseful after watching an evangelist on television who spoke of the "eye for an eye" maxim. While we have no official comment on such practice, it is noted that appellant did not injure the victim's eye; rather it was her buttocks. Perhaps more appropriate to appellant's plight is the maxim, "turn the other cheek."

of attempted voluntary manslaughter. Sections 6–2–105(a)(i) and 6–1–301(a)(i). Although a convicted person's remorse might well be a factor considered when imposing his sentence, self-inflicted punishment is not a substitute for that prescribed by the legislature.

In addition to the statements by appellant and his trial counsel, the court had the benefit of a presentence report, an evaluation from the state hospital, and the victim's statement when it imposed the sentence. The trial court stated that it considered probation but rejected that option in this case. The court pointed to appellant's long history of alcohol abuse and the serious nature of the crime which, it said, "literally involved the destruction of a young human life." The trial court also indicated that it was very important that appellant be both deterred from such activity in the future and punished for his crime.

This was a serious crime—one which could have ended a human life. It was a cruel crime, producing severe and lasting physical injuries and emotional distress. It was connected with appellant's abuse of alcohol, which had been a prolonged problem. Given the information before the trial court, and the consideration it received, we hold that the court could have reasonably concluded that a sentence with a minimum of ten years and a maximum of twenty years was proper.

 Appellant requests, in the event this Court fails to find an abuse of discretion, that we grant a writ of certiorari and remand his case for resentencing in order to prevent a failure of justice in accordance with *Wright v. State*, Wyo., 707 P.2d 153 (1985). In *Wright v. State* we said, "[i]t is to be remembered that the exercise of our discretion with respect to petitions for writs of certiorari is limited to rare and unusual cases." 707 P.2d at 156. Nothing presented by appellant convinces us that this is a rare and unusual case.

Affirmed.

THOMAS, C.J., filed a concurring opinion.

THOMAS, Chief Justice, concurring.

I have not changed my mind, and I adhere to the views set forth in my concurring opinion in *Martin v. State*, Wyo., 720 P.2d 894 (1986). It still is my impression that we are not changing sentences that fall within the statutory limits.

I believe that we take a more balanced approach to the case of *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), in this opinion. As I indicated in my opinion in *Martin v. State*, supra, I think it is a mistake to concern ourselves with proportionality in cases such as this.