Grant Samuel YATES,
Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 86–60.

Supreme Court of Wyoming.

July 22, 1986.

Leonard D. Munker, State Public Defender and Julie D. Naylor, Appellate Counsel, Public Defender Program, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., Thomas A. Maurer and Gerald P. Luckhaupt, Asst. Attys. Gen., for appellee.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

MACY, Justice.

Appellant Grant Samuel Yates pled guilty to three counts of delivery of a controlled substance to a minor in violation of §§ 35–7–1031(a)(ii) and 35–7–1036, W.S. 1977, 1985 Cum.Supp., and one count of possession of a controlled substance with intent to deliver in violation of § 35–7–1031(a)(ii), W.S.1977, 1985 Cum.Supp. He was sentenced to concurrent terms of two to four years for three of the counts. His sentence for the remaining count was suspended, and he was placed on probation for a period of ten years to commence after his prison sentences.

On appeal, appellant raises the following issue:

"Whether the District Court committed reversible error and abused its discretion in sentencing Grant Samuel Yates to three terms of two to four years to run concurrently in the Wyoming State Penitentiary with imposition of sentence on Count III to be suspended for a period of ten years, Appellant to be placed on probation during that ten year period, said probation to be served consecutively to the sentence on the other three counts."

We affirm.

We have repeated the standards governing review of sentencing decisions innumerable times. Most recently, in *Martin v. State*, Wyo., 720 P.2d 894 (1986), and *Shepard v. State*, Wyo., 720 P.2d 904 (1986), we reiterated and clarified those standards. We see no reason to do so again here. Our review is, therefore, limited to appellant's claim that the trial court abused its discretion in sentencing him to a jail term. More specifically, appellant argues that because defendants in ten similar cases before the same court were placed on probation, he should also have received probation.

We have said that absolute uniformity in sentencing is not required:

"The circumstances of each crime are different. The background of each convicted person is different and his rehabilitative needs are different. Also, the potential of each convict to be a productive member of society is different. * * * *" *Daniel v. State*, Wyo., 644 P.2d 172, 180 (1982).

In the present case, the trial court found that the cases cited by appellant were distinguishable in that there the prosecutors recommended probation while here the prosecutor recommended incarceration. The trial court also considered the presentence investigation report which similarly recommended incarceration followed by probation. Finally, the court considered testimony indicating that appellant had been selling drugs to young people for nearly a year and evidence suggesting that appellant was unwilling to accept responsibility for his acts. On the basis of these factors, the court concluded that appellant was not a good probation risk and that incarceration for a time was necessary to deter appellant from future violations. Under these circumstances, we find no abuse of discretion in sentencing.

Appellant requests that, upon finding no abuse of discretion, we grant a writ of certiorari in accordance with *Wright v. State*, Wyo., 707 P.2d 153 (1985). As in *Shepard v. State*, appellant has failed to demonstrate that this is a rare and unusual case entitling him to such a writ. His request is, therefore, denied.

Affirmed.

THOMAS, C.J., filed a concurring opinion.

URBIGKIT, J., filed an opinion concurring in part and dissenting in part.

THOMAS, Chief Justice, concurring.

Because the majority relies upon the decisions of this court in *Martin v. State*, Wyo., 720 P.2d 894 (1986) and *Shepard v. State*, Wyo., 720 P.2d 904 (1986), I note that I continue to hold the views expressed in my concurring opinions in those two cases.

URBIGKIT, Justice, concurring in part and dissenting in part.

I concur with the court in approving the exercised discretion of the trial court in the defendant's sentence of concurrent terms of two to four years on the guilty pleas to three counts of delivery of controlled substances, two of which involved minors. *Oakley v. State*, Wyo., 715 P.2d 1374 (1986); *Martin v. State*, 720 P.2d 894 (1986); *Shepard v. State*, 720 P.2d 904 (1986).

The perceived problem requiring dissent is the additional feature of the sentence whereby on the fourth count (actually Count 3 in the Information) imposition of sentence was suspended for ten years to run consecutively to the prison sentences ordered on the other three charges.

I find nothing in the record that reflects any knowledge by the defendant of his exposure to this suspension of sentence or that any approval for suspension of that sentence was requested or given by him.

Thus, Yates may be required to serve four years in the penitentiary on the concurrent prison sentences, after which he has a ten-year probationary period of suspension of sentence including extremely tough conditions which can even include termination of his suspended sentence for driving under the influence or failure to:

" * * * obey all of the rules and regulations of such Department [Wyoming Department of Probation and Parole], and further, that he shall not violate any of the laws, or any major motor vehicle laws, of the United States of America, the State of Wyoming, or any other State in which he may be present or any political subdivision thereof."

The suspension of sentence further provided:

"(3) That the Wyoming Department of Probation and Parole shall have specific power to request the Defendant to submit to chemical tests of his person to determine whether or not he has consumed or ingested alcohol or controlled substances. Use of a controlled substance without a doctor's prescription may constitute a violation of the Defendant's probation. The Defendant may refuse to submit to such testing; however, this refusal is a violation of this Order. "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in the event the Defendant shall violate any of the terms and conditions of probation as set forth herein or any of the rules and regulations of the Department of Probation and Parole, he shall be brought directly before this Court, and upon a determination by the Court that he has violated any of the aforesaid terms and conditions or the rules and regulations of the said Department of Probation and Parole, the suspension of imposition of sentence shall be terminated and sentence shall be imposed."[1]

Assuming that the prison sentence may extend for its four-year term, including any time on parole, Yates will then be on probation for a further period of ten years. If,

however, he violates his probation as a result of noncompliance with these detailed and difficult conditions, then he is subject to possible sentence for an additional period up to 20 years on the plea involving delivery of a controlled substance to minors.

Emphatically related, this means that Yates has a potential maximum sentence of 34 years on an offense that reasonably justified something in the range of not more than the sentence imposed of two to four years, which in itself is longer than many other sentences in similar cases. The pervasive question is derived from the suspension of sentence with the continuing risk and potential of sentence thereafter for the maximum statutory total originally permitted (20 years).

In this case, an initial difficulty is created by confusion as to whether the defendant's suspension of sentence was entered under § 7–13–203, W.S.1977, or § 7–13–301, W.S. 1977. See excellent discussion of the differences by Justice Cardine in *King v. State*, 720 P.2d 465 (1986). Determinative factors found in that case do not necessarily assist here, except for the probation sentence differential of five years in *King* compared to ten years for Yates, as well as, of course, in this case the additional count invoked a consecutive, not concurrent, suspension of sentence. If the court intended to suspend Yates' sentence under § 7–13–203, the ten-year term is improper, as would apparently be the other much more restrictive conditions included in the sentence.

A further sentencing requirement is provided in § 7–13–205, W.S.1977:

1. From the standpoint of some attempt to normalize existence during the period of suspension of sentence, both the driving offenses and the waiver of objection to mandatory chemical testing requirements are singularly oppressive conditions for the extended time. The Annotation at 79 A.L.R.3d 1083 addresses but does not resolve the constitutionality of the requirement that a defendant submit to warrantless searches as a condition of his probation. The total term, in combination with the other factors, including the involuntary nature of the probation conditions would cause questions upon implementation under the purview of both Art. 1, §§ 6 and 14 of the Wyoming Constitution and the Eighth and Fourteenth Amendments to the United States Constitution. Contemporary statistics have suggested that one out of 60 qualified persons in the United States is under some kind of probation, parole or confinement criminal status.

"No delay in the passing of sentence or parole of a person as provided in this act [§§ 7–13–203 to 7–13–205] shall be ordered against the consent or will of such person."

No approval by the defendant for such suspension of sentence is reflected in the trial record.

Reason suggests that the trial court tailored the suspension of sentence pursuant to § 7–13–301, which includes an interesting difference in its language regarding defendant approval of suspension of trial versus suspension of sentence:

"Under conviction or plea of guilty for any offense, except crimes punishable by death or life imprisonment, the court may suspend the imposition of sentence, or may suspend the execution of all or a part of a sentence and may also place the defendant on probation or may impose a fine applicable to the offense and also place the defendant on probation. *With the consent of a defendant charged with a crime, except a crime punishable by death or life imprisonment, the court may suspend trial and place such defendant on probation.*" (Emphasis added.)

It would reasonably be construed from the statute that suspension of trial requires defendant approval but suspension of sentence does not.

The indeterminate nature of a § 7–13–301 sentence is further enunciated by the provisions of §§ 7–13–303 and 7–13–304, W.S.1977:

"§ 7–13–303. Imposition or modification of conditions.

"The court shall determine and may, by order duly entered, impose in its discretion, and may at any time modify any condition or conditions of probation or suspension of trial or sentence."

"§ 7–13–304. Determination, continuance or extension of suspension or probation; discharge; violation of conditions.

"The period of probation or suspension of trial or sentence and the conditions thereof shall be determined by the court and may be continued or extended.

Upon the satisfactory fulfillment of the conditions of suspension of trial or sentence or probation the court shall by order duly entered discharge the defendant. At any time during the period of suspension of trial or sentence or probation, the court may issue a warrant and cause the defendant to be arrested for violating any of the conditions of probation or suspension of trial or sentence. As soon as practicable after the arrest the court shall cause the defendant to be brought before it and may proceed to deal with the case as if no suspension of trial or sentence or probation had been ordered."

The extension provision is the specific subject addressed in *King*. Distinguished from the restricted sentence under § 7–13–203 of five years, it is possible that Yates' longer sentence could extend for a period beyond the maximum penalty for the offense under which he was sentenced, contrary to *Hicklin v. State*, Wyo., 535 P.2d 743 (1975).

Conceivably, this could permit an extension of the probationary term after the 14 years so that the total exposure could equal at least a total of 30 years, or 34 years when combined with the present maximum prison sentence.

Probable conflict by virtue of the potentialities of the sentence exists with Art. 1, §§ 6, 14 and 15 of the Wyoming Constitution, the Eighth and Fourteenth Amendments to the United States Constitution, and the proportionality restrictions of *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). See *Oakley v. State*, supra.

Obviously, we can only guess what may occur after the two-to-four-year sentence has been completed, or, for that matter, during the following ten-year probationary time.

Discussion is justified by the principle that what can happen may happen, and cannot now be ignored.

The only Wyoming case addressing the suspension of sentence statute, § 7–13–301,

is *Hicklin v. State,* supra, wherein the court found that the probation sentence was unauthorized as entered in excess of the statutory maximum for the offense involved:

"The terms and conditions of probation cannot exceed the statutory penalty for the violation of law prosecuted—not amount to the risk of imposition of a punishment greater than that authorized by law if suspension of sentence and probation were not granted. The terms of probation must be harmonized with the authorized punishment for the crime." 535 P.2d at 753–754.

The nuances of numerical possibilities, including alternative possibilities of resentencing are recognized as being conjectural. However, I note and concur with the constitutional and philosophic issues intrinsically involved in the comments of Justice Raper in *Hicklin:*

"A person on probation is not serving a sentence but is in a status something less than imprisonment that follows upon suspension of sentence. It connotes an absence of the rigors of confinement in a penitentiary, but at the same time is a substitute for complete imprisonment. Probation is indeed a punitive sanction. It is imposed only upon convicted criminals, and results in a considerable restriction upon their liberty as well as intrusions upon their private lives. Fundamentally, it is a device for achieving the same social goals furthered by the more conventional penalty of society's desire for retribution and deterrence and its hope for rehabilitation. It is a loss of a part of cherished liberty in that freedom of movement and activity is restricted; the criminal is constantly under surveillance, must report his activities on a regular basis, and is deprived of intoxicants. In this case, twelve restraints are placed upon independence, including a requirement of taking psychiatric counseling plus those terms of an agreement with the State Department of Probation and Parole, which embraces such requirements as conferring before opening a bank account, entering into contracts, ob-

taining a divorce, inspection of living conditions and others. Probation is in no sense a regime of unlimited freedom. A probationer is a convict without bars with a sword of threat hanging over his head, that for a deviation the doors may be slammed shut on him." 535 P.2d at 753.

In my opinion, a maximum suspension of sentence for a period longer than the reasonable sentence for the same offense is constitutionally and penologically suspect.

The law journal article by Morgan, *Disparity and the Sentencing Process in Wyoming District Courts: Recommendations for Change,* 11 Land & Water L.Rev. 525 (1976) is informative and persuasive.

Deserving of considered review is Standard 18–2.3(b)(ii) of the American Bar Association's Standards for Criminal Justice, Sentencing Alternatives and Procedures (2d ed):

"Neither supervision nor the power to revoke should be permitted to extend beyond a legislatively fixed term, which should in no event exceed two years for a misdemeanor or five years for a felony."

The Commentary to this standard indicates an increased skepticism with open-end indeterminacy in that it "not only may subject the offender to a pointlessly extended jeopardy but it aggravates the caseload burden of the probation staff as well."

I am not comfortable with the supposition that the consecutive sentences are normally good penological policy or frequently in conformity with desired statutory resolution. A trial judge cannot ignore proportionality and constitutional mandates when exercising discretion in sentencing. Indeterminate sentencing requires fairly exercised discretion for constitutional compliance.

Extensive authority is available to demonstrate that lengthy probation may invite recidivism and sponsors a return to criminality. The no-chance syndrome is a dominating psychological characteristic frequently determining human behavior. Unfortunately, also, the extended suspended

sentence on multiple crime convictions will require supervisory personnel far beyond present resources in this state. Reason as well as constitutional concerns would suggest that suspension of sentence, when utilized, should not be unduly lengthy, and that a predetermined maximum sentence could be established for a subsequent violation of probation.[2]

At least some comfort would have been found if the court had entered the suspension of sentence on the one offense permitting only a ten-year sentence, so that the maximum could not then have totaled more than 24 years.

I would remand for sentencing on Count 3 to accommodate an opportunity of the defendant to agree if suspension of sentence is to be considered on that count, and entry of a total sentence more proportionately relative to the severity of the offense involved, realistically recognizing constitutional due process, and the policies of reformation and prevention.

---

**2.** The general rule is stated that increasing the term of a probation sentence after defendant has commenced serving his punishment is a violation of defendant's right not to be subject to double jeopardy. Probation is a form of punishment, and the guarantee against double jeopardy will attach as soon as defendant is placed on probation under a suspended sentence and begins to serve his period of probation. See *United States v. Bynoe*, 562 F.2d 126 (1st Cir.1977), and cases therein cited. Consequently, the provisions of § 7–13–301 for extension of the probation period of suspended sentence has constitutional-infirmity questions which have not previously been raised in this jurisdiction. See also *United States v. Jones*, 722 F.2d 632 (11th Cir.1983); *Moreno v. Richardson*, 484 F.2d 899 (9th Cir.1973); *United States v. Sacco*, 367 F.2d 368 (2d Cir.1966).