George Robert PETERSEN, Appellant,

v.

Walter DUNBAR, Director of the California Department of Corrections, Appellee.

No. 19867.

United States Court of Appeals
Ninth Circuit.

Jan. 25, 1966.

Elizabeth Truninger, Berkeley, Cal., for appellant.

Thomas C. Lynch, Atty. Gen., of Cal., Doris H. Maier, Asst. Atty. Gen., Ronald W. Tochterman, Deputy Atty. Gen., Sacramento, Cal., for appellee.

Before BARNES, MERRILL and BROWNING, Circuit Judges.

MERRILL, Circuit Judge:

Seeking discharge in habeas corpus appellant challenges the validity of a felony sentence imposed upon him by the California state courts. He contends that such sentence amounts to an increase in a previously executed sentence and constitutes double jeopardy. At issue is the power of the state courts to impose a sentence of imprisonment following revocation of probation when, as a condition of probation, the defendant had already suffered jail detention.

Appellant, having pleaded guilty to the crime of uttering a bad check (California Penal Code, § 476a), was, on October 6, 1958, placed on probation for a period of two years conditioned on his making restitution and spending the first four months of his probationary period in road camp. In June and again in August, 1960, he was arrested and jailed for drunkenness, and in October, 1960, based upon these probation violations, probation was revoked. Appellant was then sentenced to imprisonment in a state prison for the term provided by law.

The crime under California law is a felony/misdemeanor, the character of the crime depending upon whether sentence is to state prison or to county jail. Here the sentence imposed in October, 1960, was a felony sentence.

Appellant contends that when he was ordered to spend four months in road camp, this amounted to a misdemeanor sentence which could not, upon revocation of probation, be converted into a felony sentence without constituting double jeopardy.

Placing appellant on probation did not, however, amount to imposition of sentence. Under California law a court in granting probation may either suspend imposition of sentence or impose sentence and suspend its execution. While it does not appear from the record

before us that the court expressly stated that imposition of sentence was suspended, it is clear from appellant's recital of what had occurred that no sentence was imposed and that he could not have been misled into supposing otherwise. Appellant quotes the judge as saying:

> "I'm placing you on probation for two years with the first four months in the road camp. Restitution is ordered and you will obey all rules of probation. I am giving you back time of 44 days already served."

■ Appellant contends that where jail detention is ordered this amounts to a sentence notwithstanding the fact that it is specified as a condition of probation. Under California law jail detention may be ordered as a condition of probation (California Penal Code, § 1203.1) and when so ordered it is not regarded as punishment; it is regarded as part and parcel of the supervised effort toward rehabilitation which probation constitutes. People v. Bennett, 120 Cal.App.2d 835, 262 P.2d 59 (1953). See People v. Banks, 53 Cal.2d 370, 385 n. 8, 1 Cal.Rptr. 669, 679 n. 8, 348 P.2d 102, 112 n. 8 (1959).

■ Appellant persuasively argues that punishment is punishment, no matter what name you may apply to it. We accept arguendo appellant's characterization of his road camp duty as punishment.[1] Still, such pre-sentence probationary detention was not imposed as the court's judgment of the penal price appellant should pay for his crime. It was imposed as a condition to appellant's opportunity, by good behavior, to avoid further detention. The probationary period of detention, then, was not payment in full but at most was payment on account, with opportunity to secure forgiveness of the balance due. Sentence subsequently imposed was not, then, a double penalty or increased penalty. It was the unforgiven balance due.

Appellant contends that the balance should have been struck at the outset. He protests that in granting probation the court indicated its appraisal of what constituted appropriate punishment for the bad check offense and that the subsequent felony sentence in effect amounts to felony punishment for his violation of probation. He argues that suspension of imposition of sentence invites the judge improperly to take irrelevant circumstances into consideration in fixing the extent of punishment for the crime involved.

■ We fail to see how this argument shows a deprivation of a constitutional right, but in any event we cannot agree. Punishment is supposed not only to fit the crime but also to fit the criminal and adjustments downward in light of subsequent rehabilitation progress are the practice today through parole. If there be any merit in appellant's argument, the obvious alternative, still available to the judge, is to start at the top instead of at the bottom—to impose the maximum sentence at the outset, suspend its execution and subsequently vacate it if probation is successful, or, should probation be revoked, reduce it to the extent, if any, then felt suitable.

■ Finally appellant contends that under California law in the case of a felony/misdemeanor a felony sentence cannot be imposed after jail detention has been ordered as a condition of probation. He refers to California Penal Code, § 1203.1, which provides that following probation violation the court "shall have authority to modify and change any and all such terms and conditions and to reimprison the probationer in the county jail within the limitations of the penalty of the public offense involved."

But this deals with continuing probation and a modification of its terms.

---

1. That road camp duty may well have been felt in this case to be an essential factor in rehabilitation, rather than punishment, appears from appellant's recital of what occurred at the time probation was ordered. He states that the judge inquired whether the district attorney had anything to say and that the district attorney responded: "Well, this guy shouldn't go scotfree. He ought to be sent out to the county farm for six months to dry out that booze."

Section 1203.2 deals with revocation of probation. This section provides:

"Upon such revocation and termination the court may, if the sentence has been suspended, pronounce judgment after said suspension of the sentence for any time within the longest period for which the defendant might have been sentenced."

Judgment affirmed.