955 F.2d 47
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cedric R. ALLEN, Petitioner-Appellant,
v.
Robert G. BORG; Attorney General of the State of
California, Respondents-Appellees.
 No. 90-55860.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 13, 1992.
Decided Feb. 18, 1992.
 
 Before CANBY, WILLIAM A. NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Cedric R. Allen, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. Allen, who pleaded guilty to numerous sexual offenses and other crimes against eight women, challenges his plea bargain and the sentence imposed upon him. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 Allen first contends that his guilty plea to robbery and burglary of victim Sheila H. is ineffective. Allen was charged with rape, burglary, and robbery of Sheila H., and he pleaded guilty to all three charges. He now argues that because Sheila H. claimed only to have been raped, and did not claim that she was robbed or burglarized, there is no factual basis for his guilty plea.
 
 
 4
 Nevertheless, "the due process clause does not impose on a state court the duty to establish a factual basis for a guilty plea absent special circumstances." See Rodriguez v. Ricketts, 777 F.2d 527, 528 (9th Cir.1985) (suggesting that special circumstances, such as a defendant's specific protestation of innocence at a plea hearing, might impose upon a state court the constitutional duty to determine whether there is a factual basis for a guilty plea). There are no special circumstances in this case. The record establishes that at the time he entered his plea, Allen was aware of the nature and elements of the charges against him, the maximum punishment he faced, and the constitutional rights he waived by pleading guilty. The district court properly determined that Allen entered his guilty plea voluntarily and intelligently and that his plea comported with the guarantees of due process. See Boykin v. Alabama, 395 U.S. 238, 242-43 (1969).
 
 
 5
 Allen next contends that the trial court committed sentencing errors under California state sentencing statutes when it (1) did not give reasons for sentencing Allen under Penal Code section 667.6(c), (2) imposed enhancements for nonviolent felonies under Penal Code section 1170.1, and (3) improperly calculated the principal term of his sentence under section 1170.1. Because Allen's claims deal only with state sentencing issues and do not allege actions so fundamentally unfair as to constitute a due process violation, he does not state claims cognizable by writ of habeas corpus under section 2254. See Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir.1989) (California state enhancement provisions involve questions of state law not subject to federal habeas corpus review) (citing Middleton v. Cupp, 768 F.2d 1083, 1085-86 (9th Cir.1985)); Kennick v. Superior Court, 736 F.2d 1277, 1280 (9th Cir.1984) (mistake of state law does not constitute due process violation absent arbitrary or discriminatory action).[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Allen's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 For the first time on appeal, Allen argues that he should not have been convicted of multiple counts of sexual offenses for offenses against a single victim. He also raises new claims of error by the trial court in sentencing him. Because there are no exceptional circumstances warranting review of these claims for the first time on appeal, we decline to address them. See United States v. Oregon, 769 F.2d 1410, 1414 (9th Cir.1985)
 Allen's motion for appointment of counsel is denied.