28 F.3d 106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steven T. JACKSON, a.k.a. Tyrone Sanders, Petitioner-Appellant,
v.
Robert G. BORG, Warden, et al., Respondents-Appellees.
 No. 93-55964.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1994.*
Decided May 20, 1994.
 
 1
 Before: KOZINSKI and TROTT, Circuit Judges, and LEVI, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Steven T. Jackson, a.k.a. Tyrone Sanders, proceeding pro se, appeals the district court's denial of his petition for writ of habeas corpus. Our review is de novo. See Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991).
 
 
 4
 Jackson was convicted by jury of kidnapping, robbery, assault with intent to commit rape, and forcible oral copulation. He contends that (1) his counsel was ineffective for failing to call additional alibi witnesses and for inadequate cross-examination of the victim; (2) the trial judge improperly denied his motion for self-representation; (3) the prosecutor engaged in misconduct; and (4) the trial court erroneously gave the jury an instruction on robbery as a lesser included offense of kidnapping for the purpose of robbery.
 
 
 5
 1. Ineffective Assistance of Counsel.
 
 
 6
 To show ineffective assistance of counsel, petitioner must demonstrate that counsel's performance was deficient, and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Iaea v. Sunn, 800 F.2d 861, 864 (9th Cir.1986). Counsel's performance is deficient when it is "objectively unreasonable under prevailing professional norms." Hughes v. Borg, 898 F.2d 695, 702 (9th Cir.1990) (citing Strickland, 466 U.S. at 688). Prejudice may be found when "counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, --- U.S. ----, 113 S.Ct. 838, 844 (1993) (citing Strickland, 466 U.S. at 687) (additional citation omitted). In reviewing counsel's performance, we "strongly presume that counsel's conduct was within the wide range of reasonable assistance, and that he exercised acceptable professional judgment in all significant decisions made." Hughes, 898 F.2d at 702 (citing Strickland, 466 U.S. at 689; Weygandt v. Ducharme, 774 F.2d 1491, 1493 (9th Cir.1985)).
 
 
 7
 Jackson asserts that trial counsel failed to call identified alibi witnesses and that this failure prejudiced his defense. Jackson identifies four witnesses each of whom could place him in Los Angeles in the late afternoon or evening of the day of the crime. The defense attorney did not err in failing to call these witnesses, assuming he knew of them, for the simple reason that the testimony of these witnesses would not provide an alibi. The prosecution never contended that Jackson had not gone to Los Angeles with his grandmother some time after committing the offense. The proffered testimony is not inconsistent with the prosecution's theory that the offense occurred in mid-afternoon and that Jackson then went to Los Angeles. Additionally, there was overwhelming evidence supporting the jury's guilty verdict, including the victim's identification of Jackson, the tire and shoe tracks connected to Jackson, and the abandoned car belonging to his common-law wife. Testimony by these witnesses as to Jackson's whereabouts on the evening of the offense was not likely to raise a reasonable doubt in the minds of the jury regarding Jackson's guilt. See Strickland, 466 U.S. at 695. In these circumstances, there has been no showing of either deficient performance or prejudice.
 
 
 8
 Jackson also alleges that counsel was ineffective because he failed sufficiently to challenge the victim concerning a statement she made to a sheriff's deputy regarding the oral copulation charge. This claim is unsupported by the record. Counsel engaged both the victim and the deputy in cross-examination on this very subject. (RT 194-97, 428-30.) During this cross-examination, counsel asked the victim whether she recalled telling Deputy Sheriff Kalita that she thought there was oral copulation but that she was not sure; counsel also elicited this testimony from Deputy Kalita. (RT 195-97, 425, 428, 430.) No further questioning on this subject was required.
 
 
 9
 2. Denial of Petitioner's Motion for Self-Representation.
 
 
 10
 On the opening day of trial, after the prospective jury panel had entered the courtroom, Jackson was arraigned on the amended information. When asked how he pleaded, Jackson stated: "I plead not guilty but I would like to say something." Jackson stated that he denied each special allegation and that "[a]t this time I would like to say something. I would like to go pro per." The trial court denied the request as untimely without making further inquiry. (RT 34.)
 
 
 11
 Under the Sixth and Fourteenth Amendments, a criminal defendant has the right to self-representation. See Faretta v. California, 422 U.S. 806 (1975). However, in order to exercise this right, a defendant must make an unequivocal and timely request for self-representation, and the request must not be a tactic to secure delay. See Armant v. Marquez, 772 F.2d 552, 555 (9th Cir.1985) (citing Meeks v. Craven, 482 F.2d 465, 466-68 (9th Cir.1973); Fritz v. Spalding, 682 F.2d 782, 784 (9th Cir.1982)), cert. denied 475 U.S. 1099 (1986).
 
 
 12
 In reviewing the record, the California Court of Appeal considered Jackson's state petition for writ of habeas corpus in which he detailed his reasons for dissatisfaction with trial counsel. After closely scrutinizing these stated reasons and the trial record, the court found, as a matter of fact, that the asserted deficiencies were "contrived, transparent, and insubstantial," and that the true purpose of Jackson's motion to represent himself was to "disrupt the orderly administration of justice on the eve of trial." (Cal.Ct.App.Dec. at 8.) These findings of fact are subject to a presumption of correctness which petitioner has failed to overcome. See Kennick v. Superior Court, 736 F.2d 1277, 1280-81 (9th Cir.1984) (a presumption of correctness applies to both state trial court and appellate court findings of fact and may only be overcome by "convincing evidence") (citations omitted). Because petitioner's motion to proceed pro se was made for the purpose of delay at the very commencement of trial, it was properly denied.
 
 
 13
 3. Prosecutorial Misconduct.
 
 
 14
 Petitioner asserts that the prosecutor engaged in misconduct by referring to petitioner's post-arrest silence; by referring to an indecent exposure charge that precipitated his arrest; by referring to 40 phone calls that petitioner made to one of the witnesses; and by using religious allegory in his closing argument. These contentions fail.
 
 
 15
 A prosecutor may not refer to a defendant's invocation of the right to remain silent as evidence of guilt. Doyle v. Ohio, 426 U.S. 610, 619-20 (1976). But the prosecutor's question here, in context, was not a comment on petitioner's post-arrest silence. Rather, the question was designed to clarify that no interview had occurred although petitioner twice called the sheriff's office prior to his arrest and stated that he would come to the office for an interview. Petitioner's remaining claims involve matters of state law evidence and trial practice that do not provide a basis for relief unless the prosecutor's alleged misconduct so infected "the trial with unfairness as to make the resulting conviction a denial of due process." Greer v. Miller, 483 U.S. 756, 765 (1987) (citations omitted). The claims of error alleged here created no such unfairness to petitioner. The prosecution's references to the indecent exposure charge were inadvertent, incidental, and oblique. The questioning concerning petitioner's phone calls to a witness was not improper and was halted by the trial judge. Finally, the religious references in the closing argument were unimportant, purely rhetorical, and not objected to.
 
 
 16
 4. Jury Instruction Regarding the Lesser-Included Offense.
 
 
 17
 Petitioner also contends that the jury was erroneously instructed that robbery was a lesser included offense of kidnapping for the purpose of robbery which was charged in the information. Petitioner failed to object to this instruction at trial, and the Court of Appeal found that petitioner therefore had waived the objection and that the claim could not be raised on appeal. (Cal.Ct.App.Dec. at 9-13 (citing People v. Toro, 47 Cal.3d 966, 254 Cal.Rptr. 811 (1989)).) A decision resting on an independent and adequate state procedural ground is barred from review in a federal habeas proceeding absent a showing of cause and prejudice. Coleman v. Thompson, 501 U.S. 722, (1991); Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir.1991). Petitioner makes no showing of cause or prejudice. Indeed, he may well have received substantial benefit from the giving of this instruction because the jury acquitted him of the more serious offense of kidnapping for the purpose of robbery.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable David F. Levi, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3