145 F.3d 1339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kent J. MCCARTHY, Petitioner-Appellant,
v.
Manfred MAASS, Respondent-Appellee.
 No. 97-35649.
D.C. No. CV 96-601-ST.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1998.
Decided May 13, 1998.
 
 Appeal from the United States District Court for the District of Oregon, Helen J. Frye, District Judge, Presiding.
 Before HAWKINS, THOMAS, and SILVERMAN, Circuit Judges.
 
 MEMORANDUM[1]
 
 1
 Kent J. McCarthy appeals from the district court's denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his murder conviction in Oregon. McCarthy argues that the district judge erred when she held that McCarthy procedurally defaulted on his first, second and fourth grounds for relief and that he was not denied effective assistance of counsel. We review the denial of McCarthy's petition de novo, see Maiden v. Bunnell, 35 F.3d 477, 480 (9th Cir.1994), and we affirm.
 
 
 2
 I. The district court properly concluded that petitioner procedurally defaulted on claims one, two and four and has failed to establish cause and prejudice to excuse his procedural default.
 
 
 3
 Before a federal court will consider the merits of a petitioner's habeas corpus claims pursuant to 28 U.S.C. § 2254, he must exhaust his claims by fairly presenting those claims to the state's highest court, either through a direct appeal or collateral proceedings. Rose v. Lundy, 455 U.S. 509, 518-19, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Lindquist v. Gardner, 770 F.2d 876, 877 (9th Cir.1985). A claim is fairly presented if a petitioner has described the operative facts and legal theories on which his claim is based. Anderson v. Harless, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982); Picard v. Conner, 404 U.S. 270, 277-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir.1986).
 
 
 4
 In the alternative, a petitioner may exhaust his state remedies if the state's highest court does not address the merits of petitioner's claims because of a procedural default. Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir.1983), citing Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir.1982). However, a federal court will consider claims that are procedurally barred only if the petitioner establishes cause and prejudice or a fundamental miscarriage of justice to excuse his procedural default. Coleman v.. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).[2]
 
 
 5
 In his first and second claims, petitioner argues that the trial court denied his due process rights by failing to give his requested jury instruction on the affirmative defense of extreme emotional disturbance. Petitioner raised a similar state law claim in his direct appeal and a similar ineffective assistance of counsel claim in his petition for post-conviction relief. However, he did not raise the claim to the state courts as a federal due process claim. Thus, he did not properly exhaust the claim. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995); Anderson v. Harless, 459 U.S. 4, 6-8, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982).
 
 
 6
 In his fourth claim, petitioner argues that he was denied effective assistance of appellate counsel because counsel failed to raise claims regarding the admission of his post-arrest statements, photographic evidence, evidence of his drug dealing and hearsay. He also argues that appellate counsel was ineffective for failing to challenge the jury instructions for his defense of extreme emotional disturbance. Although petitioner raised these claims to the trial court in his petition for post-conviction relief, he failed to raise the claims in his appeal of the denial of post-conviction relief. Thus, by failing to exhaust these claims in state court, he procedurally defaulted on them. See Or.Rev.Stat. § 138.550(2)(3) (1996).
 
 
 7
 Petitioner argues that he has cause for his procedural default based on ineffective assistance of post-conviction counsel. However, this claim is without merit because petitioner has no constitutional right to counsel in post-conviction proceedings. See Coleman v. Thompson, 501 U.S. 722, 755, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); Pennsylvania v. Finley, 481 U.S. 551, 556, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). Because he cannot establish cause, we need not consider whether petitioner has shown actual prejudice. See Smith v. Murray, 477 U.S. 527, 533, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986).
 
 
 8
 II. Trial counsel was not ineffective for failing to object to the jury instructions for murder and the affirmative defense of extreme emotional disturbance.
 
 
 9
 In order to prove ineffective assistance of counsel, petitioner must establish that counsel's performance fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Hamilton v. Vasquez, 17 F.3d 1149, 1155-56 (9th Cir.1994). In reviewing this claim, we recognize a strong presumption that counsel's conduct falls within a wide range of appropriate professional assistance. Strickland, 466 U.S. at 689.
 
 
 10
 Petitioner first argues that trial counsel was ineffective because he failed to object to a jury instruction that impermissibly required the jury to reach a verdict on the murder charge before the jury could consider his defense of extreme emotional disturbance. A review of the post-conviction proceedings, jury instructions, in-court discussions between the jury and judge after the jury sent its note to the judge, and the written jury verdict form establishes that the jury instructions did not require the jury to reach a verdict on the charge of intentional murder before considering the affirmative defense of extreme emotional distress. Thus, counsel was not ineffective for failing to challenge the instructions.
 
 
 11
 III. Trial counsel was not ineffective for failing to raise the defense of self defense.
 
 
 12
 Petitioner also argues that trial counsel was ineffective because he failed to raise the defense of self-defense. This argument fails as well. In the post-conviction proceeding, the state court judge found that counsel consulted with petitioner and obtained his concurrence not to assert the defense of self-defense because it was weak, unlikely to succeed and would detract from the stronger defense of extreme emotional disturbance. This factual finding is presumed correct, see Sumner v. Mata, 449 U.S. 539, 547-48, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981); Palmer v. Estelle, 985 F.2d 456, 458 (9th Cir.1993) and is supported by the record in this case. Petitioner has not presented convincing evidence to overcome the presumption. Kennick v. Superior Court, 736 F.2d 1277, 1281 (9th Cir.1984). Thus, counsel was not ineffective for failing to raise self defense.
 
 
 13
 IV. Trial counsel was not ineffective for failing to poll the jury.
 
 
 14
 Petitioner argues that trial counsel was ineffective for failing to poll the jury because it would have revealed that the jury was confused regarding the instructions and would have given petitioner clearer grounds for appellate relief. In the post-conviction proceeding, the judge found that the jury was not confused but understood the instructions. This finding is presumed correct, Palmer, 985 F.2d at 458, and is supported by the trial record, especially by the final explanation of the instructions by the judge after the jurors had questioned the instructions. We agree that the jury was not confused and defense counsel did not act below the standard of reasonableness by not polling the jury. See eg., United States v. Costa, 691 F.2d 1358, 1363-64 (11th Cir.1982); United States v. Gerardi, 586 F.2d 896, 899 (1st Cir.1978).
 
 V. Conclusion
 
 15
 Accordingly, we affirm the district court's denial of McCarthy's petition for writ of habeas corpus.
 
 
 
 [1]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [2]
 Because McCarthy filed his petition with the district court prior to April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 do not apply to this case. See Turk v. White, 116 F.3d 1264 (9th Cir.1997); Jeffries v. Wood, 114 F.3d 1484, 1495-96 (9th Cir.1997) (en banc)