**Larry PRATT, Petitioner–Appellant,**

v.

**Eddie YLST, Respondent–Appellee.**

No. 02–15840.

D.C. No. CV–93–00639–GEB.

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2003.*

Decided April 15, 2003.

Before RYMER, KLEINFELD and FISHER, Circuit Judges.

MEMORANDUM**

California state prisoner Larry Pratt appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). Reviewing de novo, *Alvarado v. Hill,* 252 F.3d 1066, 1068 (9th Cir.2001), we affirm.

Pratt contends that California law required California's Board of Prison Terms ("Board") to set a new parole date within six months of rescinding his parole date and that because the Board did not do so in his case, his due process rights were violated. However, the statutes at issue did not require the Board to set a new parole date. *See* Cal.Penal Code § 3041.5(b)(4) (providing that after rescission, the Board must set a new date "in accord with the provisions of Section 3041," which in turn provides that the Board may choose not to set a parole date under circumstances applicable here) (1980); *see also Kennick v. Superior Court,* 736 F.2d 1277, 1280 (9th Cir.1984) (stating that a failure to follow state law constitutes a federal due process violation only when the failure is arbitrary or dis-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

criminatory). The district court therefore properly denied Pratt's petition.[1]

**AFFIRMED.**

---

1. We do not address Pratt's other contentions because they are not included in the certificate of appealability. *See Hiivala v. Wood,* 195 F.3d 1098, 1103 (9th Cir.1999) (per curiam).

