913 So.2d 1011 (2005)
David SIMMONS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2004-CP-00673-COA.
Court of Appeals of Mississippi.
May 3, 2005.
David Simmons, Appellant, pro se.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
Before BRIDGES, P.J., IRVING and MYERS, JJ.
*1012 IRVING, J., for the Court.
¶ 1. On May 1, 2001, David Simmons pleaded guilty to two counts of automobile burglary and was sentenced to five years in the custody of the Mississippi Department of Corrections with three years suspended. He was also placed on supervised probation for three years to commence at the conclusion of his incarceration. Simmons violated his probation by driving while under the influence. His probation was revoked, and he was remanded to the custody of the MDOC to serve the three years which had been suspended.
¶ 2. On March 5, 2004, Simmons filed a motion for credit for time served on probation. This motion was denied by the Circuit Court of Winston County. Aggrieved, Simmons now appeals and asserts that the trial court erred when it denied him credit for the time served on probation.
¶ 3. We find no error in the decision reached by the trial court; therefore, we affirm its judgment.

ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 4. Simmons contends that the Sentencing Reform Act of 1984 classifies probation as a sentence in and of itself and is an alternative to incarceration. In support of this argument Simmons cites, U.S. v. Bahe, 201 F.3d 1124 (9th Cir.2000). However, this classification that Simmons refers to is merely the definition of probation within a discussion about the legislative history of the Sentencing Reform Act of 1984. It does not offer Simmons any help. Further, the Sentencing Reform Act of 1984 is a federal act and has no application to state criminal offenses.
¶ 5. Simmons next argues that he should have been given credit for the probation time served when his sentence was reinstated. Simmons cites Kennick v. Superior Court, 736 F.2d 1277, 1282-83 (9th Cir.1984). A review of Kennick reveals that Simmons's argument is misplaced. The Kennick court held that "at least when the question before the court is whether the probationer can be required to re-serve [sic] probation time already served, probation is punishment within the meaning of the double jeopardy clause." Id. at 1282. The instant case is distinguishable from Kennick. Simmons was not required to re-serve his probation time but was required to serve the suspended sentence as result of a violation of his probation. Therefore, there was no double jeopardy because the time that Simmons was required to serve was custodial time and not probationary time.
¶ 6. Mississippi Code Annotated Section 47-7-37 (Rev.2004) (emphasis added) grants circuit courts the authority to revoke probation and provides in pertinent part:
At any time during the period of probation the court, or judge in vacation, may issue a warrant for violating any of the conditions of probation or suspension of sentence and cause the probationer to be arrested. . . . Thereupon, or upon an arrest by warrant as herein provided, the court, in termtime or vacation, shall cause the probationer to be brought before it and may continue or revoke all or any part of the probation or the suspension of sentence, and may cause the sentence imposed to be executed or may impose any part of the sentence which might have been imposed at the time of the conviction. . . . No part of the time that one is on probation shall be considered as any part of the time that he shall be sentenced to serve.

¶ 7. In essence, probation does not equal time served and cannot be credited toward a suspended sentence. Accordingly, we hold that the trial court had the *1013 authority to impose Simmons's suspended sentence and that Simmons was not entitled to credit for the probation time served.
¶ 8. THE JUDGMENT OF WINSTON COUNTY CIRCUIT COURT DENYING MOTION FOR CREDIT FOR TIME SERVED IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WINSTON COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.