ROBERTS, J.,
for the Court.
¶ 1. Following a revocation hearing in which Teresa Schwend admitted that she violated the terms and conditions of her post-release supervision (PRS), the Circuit Court of DeSoto County revoked Schwend’s PRS and gave her thirty-two days of jail credit. Schwend subsequently filed a motion for post-conviction relief, which was dismissed. Schwend now appeals and raises the following issue: Whether the trial court erred in dismissing Schwend’s motion for post-conviction relief.
¶ 2. Finding no error, we affirm the trial court’s dismissal.
FACTS AND PROCEDURAL HISTORY
¶ 3. On May 7, 2003, Schwend pled guilty pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) to taking possession of a motor vehicle of another and was sentenced to serve one day in the custody of the Mississippi Department of Corrections followed by four years of PRS. Schwend’s one-day incarceration was to be served concurrent *175 ly to two prior consecutive sentences, one of which she was serving at the time of her plea. Schwend was also given credit for one day of time served. She was subsequently released from prison at the expiration of her sentences on September 21, 2004, and simultaneously began her term of PRS.
¶ 4. Following a revocation hearing on November 6, 2006, the trial court revoked Schwend’s PRS and ordered her to return to the custody of the Mississippi Department of Corrections to serve the entirety of the term of her revoked PRS, that being four years. Schwend filed a motion requesting post-conviction relief in which she argued that the trial court erred in revoking the entire four-year term of PRS. She claimed that she should have been given credit for the time she served from the date of her guilty plea to the date that her PRS was revoked-approximately three and a half years. The trial court summarily dismissed Schwend’s motion, and she now appeals that judgment.
ANALYSIS
¶ 6. Our standard of review when faced with a trial court’s dismissal of a motion for post-conviction relief is two-sided. A trial court’s findings of fact will not be disturbed unless they are found to be clearly erroneous. Williams v. State, 872 So.2d 711, 712(¶ 2) (Miss.Ct.App.2004). “However, where questions of law are raised the applicable standard of review is de novo.” Lambert v. State, 941 So.2d 804, 807(¶ 14) (Miss.2006) (quoting Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999)).
WHETHER THE TRIAL COURT ERRED IN DISMISSING SCHWEND’S MOTION FOR POST-CONVICTION RELIEF.
¶ 6. Schwend is more conservative in her argument to this Court than she was in her argument to the trial court. That is, she claims only that she should be given credit for time served on PRS from her release from incarceration on September 21, 2004, to the revocation of her PRS on November 6, 2006. However, this change in her argument does not help Schwend’s cause.
¶ 7. Mississippi Code Annotated section 47-7-34(2) (Rev.2004) provides in part that:
Failure to successfully abide by the terms and conditions [of PRS] shall be grounds to terminate the period of [PRS] and to recommit the defendant to the correctional facility from which he was previously released. Procedures for termination [of PRS] and recommitment shall be conducted in the same manner as procedures for the revocation of probation and imposition of a suspended sentence [codified in section 47-7-37],
Mississippi Code Annotated section 47-7-37 (Rev.2004) explains that a court of appropriate jurisdiction:
shall have authority, after a hearing, to continue or revoke all or any part of probation or all or any part of the suspension of sentence, and may in case of revocation proceed to deal with the case as if there had been no probation.... Upon the revocation of probation or suspension of sentence of any offender, such offender shall be placed in the legal custody of the State Department of Corrections and shall be subject to the requirements thereof.
[[Image here]]
No part of the time that one is on probation shall be considered as any part of the time that he shall be sentenced to serve.
Therefore, time spent on PRS may not be credited toward a sentence that results from the revocation of PRS. Simmons v. State, 913 So.2d 1011, 1012-13(¶ 7) (Miss. *176 Ct.App.2005); Johnson v. State, 802 So.2d 110, 112-13(¶ 10) (Miss.Ct.App.2001). As such, we find that Schwend’s appeal is without merit.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR.