

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 15-50272 |
| Plaintiff-Appellant, | 16-50192 |
| | 16-50341 |
| v. | 17-50249 |
| ALEX ROMERO MEDRANO, AKA Dreamer, | D.C. No. 2:14-cr-00556-R-1 |
| Defendant-Appellee. | MEMORANDUM* |

Appeals from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted March 7, 2018**
Pasadena, California

Before: REINHARDT, TASHIMA, and NGUYEN, Circuit Judges.

1. "[A] statutory minimum sentence is mandatory." *United States v. Sykes*, 658

F.3d 1140, 1146 (9th Cir. 2011). A district court does not have authority under 18

U.S.C. § 3553(a) to impose a sentence below the statutory minimum. *United States*

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*v. Wipf*, 620 F.3d 1168, 1171 (9th Cir. 2010). The district court erred by unlawfully sentencing Appellee Alex Medrano to a probationary sentence below the mandatory minimum as required by 21 U.S.C. § 841(b)(1)(B).

2. Medrano argues that a five-year sentence violates the Eighth Amendment. Our precedent forecloses this challenge. *See, e.g.*, *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring in part and concurring in the judgment) ("The Eighth Amendment . . . forbids only extreme sentences that are 'grossly disproportionate' to the crime." (quoting *Solem v. Helm*, 463 U.S. 277, 288 (1983)); *United States v. Jensen*, 425 F.3d 698, 708 (9th Cir. 2005) (holding imposition of a life sentence for a first-time conviction for drug possession does not violate the Eighth Amendment).

3. Because the district court's initial probationary sentence was unlawful, we must vacate the subsequent sentences following revocation, which are "part of the penalty for the initial offense." *Johnson v. United States*, 529 U.S. 694, 700 (2000).

We therefore **VACATE** the sentences in each of these consolidated appeals and **REMAND** for resentencing on the offense of conviction in accordance with the mandatory minimum required by 21 U.S.C. § 841(b)(1)(B).