# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-00303-COA

**DONALD WILLIE CAREY A/K/A DONALD CAREY**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                    **APPELLEE**

DATE OF JUDGMENT:          01/29/2018
TRIAL JUDGE:               HON. WILLIAM E. CHAPMAN III
COURT FROM WHICH APPEALED: MADISON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:    DONALD WILLIE CAREY (PRO SE)
ATTORNEY FOR APPELLEE:     OFFICE OF THE ATTORNEY GENERAL
                           BY: BARBARA WAKELAND BYRD
NATURE OF THE CASE:        CIVIL - POST-CONVICTION RELIEF
DISPOSITION:               AFFIRMED - 01/15/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**WILSON, J., FOR THE COURT:**

¶1.     Donald Willie Carey appeals from the circuit court's dismissal of his motion for post-conviction relief. Carey's claims for relief are without merit. Therefore, we affirm.

¶2.     In January 2006, Carey was convicted of aggravated assault and armed robbery in Madison County Circuit Court. The court sentenced him to concurrent terms of fifteen years in the custody of the Mississippi Department of Corrections (MDOC). The court suspended nine years of each sentence conditioned on Carey's good conduct and satisfactory completion of a five-year term of post-release supervision (PRS). Following a term of imprisonment, Carey was released, but he failed to complete his term of PRS. On March 25, 2013, Carey

pled guilty to the offense of kidnapping, which he committed while on PRS. The same day, the circuit court also revoked Carey's concurrent suspended sentences for aggravated assault and armed robbery and ordered Carey remanded to the custody of the MDOC until he had served the sentences in full.[1]

¶3.     On January 23, 2018, Carey filed a motion for post-conviction relief alleging that his suspended sentences had been unlawfully revoked. Carey asserted that there was insufficient evidence to support his revocation for new criminal activity. The circuit court dismissed Carey's motion as time-barred. *See* Miss. Code Ann. § 99-39-5(2) (Rev. 2015) (providing that, subject to certain exceptions, a motion for post-conviction relief shall be filed within three years of the entry of a guilty plea). Carey filed a timely notice of appeal.

¶4.     We affirm. The circuit court properly dismissed Carey's motion because it clearly fails on the merits. *See* Miss. Code Ann. § 99-39-11(2) (Rev. 2015) (providing that a judge may summarily dismiss a motion for post-conviction relief that "plainly" fails to state a claim).[2] There was sufficient evidence to revoke Carey's suspended sentences because he

---

[1] The court also sentenced Carey to a consecutive term of fifteen years in MDOC custody on his new conviction for kidnapping. The court suspended all but eighteen months of the new sentence and imposed a new five-year term of PRS commencing upon Carey's release from MDOC custody.

[2] Carey's claim that his suspended sentence was unlawfully revoked is excepted from the statute of limitations. *See* Miss. Code Ann. § 99-39-5(2)(b); *Evans v. State*, 188 So. 3d 1256, 1259-60 (¶¶12-13) (Miss. Ct. App. 2016). "It is a familiar rule that this Court will affirm the lower court where the right result is reached, even though we may disagree with the reason for the result." *Stewart v. Walls*, 534 So. 2d 1033, 1035 (Miss. 1988). We affirm the circuit court's dismissal of Carey's motion for post-conviction relief for the reasons stated in this opinion.

pled guilty to a new crime, kidnapping, which he committed while on PRS.[3]

¶5. On appeal, Carey advances a new argument: that he was entitled to credit against his concurrent nine-year suspended sentences for the approximately two years and eight months that he served on PRS. That argument is procedurally barred because it is raised for the first time on appeal. *Gardner v. State*, 531 So. 2d 805, 808-09 (Miss. 1988). It is also without merit. As this Court has held, "probation does not equal time served and cannot be credited toward a suspended sentence." *Simmons v. State*, 913 So. 2d 1011, 1012 (¶7) (Miss. Ct. App. 2005). Likewise, no credit is allowed against a suspended sentence for time spent on PRS. *Schwend v. State*, 996 So. 2d 174, 175-76 (¶7) (Miss. Ct. App. 2008); *Fluker v. State*, 2 So. 3d 717, 720 (¶12) (Miss. Ct. App. 2008); *Johnson v. State*, 802 So. 2d 110, 112-13 (¶¶9-10) (Miss. Ct. App. 2001). Therefore, upon revocation of Carey's PRS, the circuit court had authority to order Carey to serve his full suspended sentences for aggravated assault and armed robbery.

¶6. Carey's claims for relief are plainly without merit. Therefore, the circuit court properly dismissed his motion for post-conviction relief.

¶7. **AFFIRMED.**

**GRIFFIS, C.J., BARNES AND CARLTON, P.JJ., GREENLEE,**

---

[3] *See Brown v. State*, 864 So. 2d 1058, 1060 (¶9) (Miss. Ct. App. 2004) ("Where the State seeks to revoke one's probation based upon an allegation of criminal activity, it must show proof of an actual conviction, or that a crime has been committed and that it is more likely than not that the probationer committed the offense."). Carey's revocation order found that Carey had committed two new offenses, kidnapping and sexual battery. The record does not disclose the final disposition or underlying facts of the sexual battery charge. However, the issue is immaterial because Carey's conviction for kidnapping clearly provided a sufficient basis for the court to revoke his suspended sentences.

**WESTBROOKS AND TINDELL, JJ., CONCUR.  McDONALD, LAWRENCE AND McCARTY, JJ., NOT PARTICIPATING.**