
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-50168 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00556-R-1 |
| v. | |
| ALEX ROMERO MEDRANO, AKA Dreamer, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted August 16, 2019**
Pasadena, California

Before:  CALLAHAN and CHRISTEN, Circuit Judges, and CHEN,*** District Judge.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Edward M. Chen, United States District Judge for the Northern District of California, sitting by designation.

Alex Medrano pleaded guilty to distribution of methamphetamine, and was originally sentenced to probation.[1] The government appealed that sentence as incompatible with the five-year statutory mandatory minimum sentence established for his crime of conviction. We agreed with the government, and remanded for resentencing "in accordance with the mandatory minimum[.]" *United States v. Medrano*, 714 F. App'x 765, 766 (9th Cir. 2018). On remand, the district court imposed a five-year term of imprisonment. Medrano now appeals his revised custodial sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

Medrano cites *United States v. Arrellano-Rios*, 799 F.2d 520, 523 (9th Cir. 1986), for the proposition that an increased sentence imposed after a defendant has fully served a lawful sentence violates the Double Jeopardy Clause. Medrano overlooks that his original sentence was not lawfully imposed, as we clearly articulated in our memorandum disposition remanding this case for resentencing. *See Medrano*, 714 F. App'x at 766. Our case law distinguishes an unlawful first sentence from a lawful one, and the Double Jeopardy Clause is not implicated when a lawful sentence is imposed after an unlawful sentence is vacated. *See*

[1] Because the parties are familiar with the facts and arguments, we recite them only as necessary to resolve Medrano's appeal.

2

*United States v. Kane*, 876 F.2d 734, 737 (9th Cir. 1989) ("Generally, a defendant can acquire no expectation of finality in an illegal sentence, which remains subject to modification."); *United States v. Edmonson*, 792 F.2d 1492, 1496 (9th Cir. 1986) ("There is no double jeopardy prohibition against correcting an illegal sentence even if such correction increases the punishment."). Likewise, we discern no constitutional problem with the failure to credit non-custodial time against a custodial sentence. *Cf. Kennick v. Superior Ct.*, 736 F.2d 1277, 1281, 1283 (9th Cir. 1984).

Medrano's due process challenge also fails. Substantial, prejudicial appellate delay can trigger due process concerns, *United States v. Antoine*, 906 F.2d 1379, 1382 (9th Cir. 1990), but in this case the delay between Medrano's first sentence of probation and the completion of the government's appeal was caused in large part by Medrano's repeated probation violations. In light of the fact that the Bureau of Prisons has credited the six months Medrano served in custody for his fourth probation violation against his five-year prison sentence, Medrano has not shown that his right to due process was violated.[2]

**AFFIRMED.**

---

[2] The government's unopposed motion to supplement the record (Dkt. No. 29) is granted.